The STATE of Ohio, Appellant,

v.

RITCHIE, Appellee.

[Cite as *State v. Ritchie* (1994), 95 Ohio App.3d 569.]

Court of Appeals of Ohio,
Clermont County.

No. CA94–04–031.

Decided July 11, 1994.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffman,* Assistant Prosecuting Attorney, for appellant.

*R. Daniel Hannon,* Clermont County Public Defender, *Marshall McCachran* and *Ronald A. Mason,* Assistant Public Defenders, for appellee.

JONES, Presiding Judge.

On June 16, 1993, defendant-appellee, Leroy Ritchie, was indicted by the Clermont County Grand Jury on six counts of rape and three counts of gross sexual imposition in violation of R.C. 2907.02 and 2907.05. Counts one and seven of the indictment alleged that appellee had fondled and engaged in fellatio with Chris R., a five-year-old boy, during 1984 or 1985. Appellee moved to dismiss counts one and seven of the indictment as barred by the six-year statute of limitations set forth by R.C. 2901.13.

The trial court conducted a hearing on appellee's motion to dismiss on March 29, 1994. At the hearing, appellee presented evidence that the victim's babysitter reported the instances of sexual abuse charged in counts one and seven of the indictment to Clermont County Children Services ("CCCS") in December 1985. The report alleged that Chris R. had confided to his babysitter that appellee "made me put my ding-dong in his mouth and pee-pee" and that "my daddy plays nasty with me."

As a result of the report, CCCS initiated an investigation. A CCCS social worker interviewed Chris R. as well as two other alleged victims. All three children indicated that no sexual abuse had occurred. CCCS declined to refer the matter for criminal prosecution because it found the allegations of sexual abuse to be "unsubstantiated."

The trial court found that the instances of sexual misconduct charged in counts one and seven of the indictment had been discovered by CCCS in December 1985, more than seven years prior to the date of the indictment. The trial court dismissed counts one and seven of the indictment as barred by the statute of

limitations. The state now appeals, setting forth the following assignment of error:

"The trial court erred to the substantial prejudice of the state of Ohio when it granted appellee's motion to dismiss as to Counts 1 and 7 of the indictment, finding that the corpus delicti of the crimes stated in those counts had been discovered on December 16, 1985, more than six years from the filing of the instant indictment."

The state's sole assignment of error asserts that the trial court erred in finding that counts one and seven of the indictment are barred by the six-year statute of limitations set forth by R.C. 2901.13. In pertinent part, R.C. 2901.13 provides:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) For a felony other than aggravated murder or murder, six years;

" * * *

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

The *corpus delicti* of a crime involving sexual abuse of children is discovered when an employee of a children services agency or other "responsible adult" as that term is defined in R.C. 2151.421 has knowledge of both the act itself and the criminal nature of the act. *State v. Hensley* (1991), 59 Ohio St.3d 136, 140, 571 N.E.2d 711, 715; *State v. Hughes* (1994), 92 Ohio App.3d 26, 27, 633 N.E.2d 1217, 1218.

Our review of the record indicates that the incidents of sexual misconduct charged in counts one and seven of the indictment were first discovered in December 1985 when Chris R.'s graphic account of the abuse was reported to CCCS. Appellee was not indicted until June 16, 1993, more than seven and one-half years after the date of the initial discovery. Accordingly, the trial court properly held that counts one and seven of the indictment are barred by the six-year statute of limitations set forth by R.C. 2901.13. The state's sole assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.