OPINION
{¶ 1} Defendant-appellant, Thomas A. Dycus, appeals his conviction from the Franklin County Court of Common Pleas for rape and kidnapping. For the following reasons, we affirm.
 {¶ 2} By indictment filed March 1, 2004, defendant was charged with one count of kidnapping, three counts of gross sexual imposition, one count of rape, and one count of attempted rape. This indictment arose from an incident that occurred nearly ten years earlier. At the time of the March 2004 indictment, defendant was imprisoned for a previous rape conviction and had been denominated a sexual predator.
 {¶ 3} According to plaintiff-appellee, State of Ohio ("the state"), on August 11, 1994, defendant approached a 13-year-old girl who was walking home from Bishop Park in Whitehall, Ohio. Defendant put his hand over the girl's mouth, forced her to the side of a building and, after threatening to kill her, raped her. The case remained unsolved until 2003. In 2003, defendant was linked to the August 1994 rape through semen samples and DNA testing.
 {¶ 4} Defendant pled guilty to kidnapping and rape as contained in the March 2004 indictment. The remaining charges were nolle prosequied. After accepting defendant's guilty verdict, the trial court imposed a sentence of ten to 20 years, ordering this sentence to be served consecutively to the sentence defendant was already serving for a previous rape conviction.
 {¶ 5} From this judgment, defendant raises a single error for our consideration:
Appellant was denied effective assistance of counsel as guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution because counsel failed to move to dismiss the charges against him on the grounds that the prosecution was barred by the statute of limitations.
 {¶ 6} Defendant's assignment of error raises two issues: (1) the prosecution of defendant for the 1994 rape violated ex post facto principles under both the state and federal constitutions; and (2) defendant's counsel was ineffective because he failed to move to dismiss the charges in the March 2004 indictment.
 {¶ 7} Under former R.C. 2901.13, the statute of limitations for rape (R.C. 2907.02) and kidnapping (R.C. 2905.01) was six years. Effective March 1999, however, Sub.H.B. No. 49, 147 Ohio Laws, Part I, 299, increased the statute of limitations period for these offenses to 20 years. Defendant claims that his prosecution under the amended statute violates ex post facto principles.
 {¶ 8} Section 28, Article II, Ohio Constitution provides:
The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.
 {¶ 9} Turning to defendant's first argument that the retroactive application of amended R.C. 2901.13 violates the Retroactivity Clause of the Ohio Constitution, the Supreme Court of Ohio has established a two-part framework involving statutory and constitutional analyses for determining whether a statute is unconstitutionally retroactive under Section 28, Article II of the Ohio Constitution. State v. Walls (2002),96 Ohio St.3d 437, 440, reconsideration denied, 97 Ohio St.3d 1461,2002-Ohio-6248.
 {¶ 10} The first part of the test requires a determination as to whether the General Assembly expressly intended for the statute to apply retroactively. Id. There is a presumption that statutes operate prospectively only. R.C. 1.48. "If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment." Walls, at 440 (quotations omitted; emphasis sic.).
 {¶ 11} However, if the General Assembly clearly intends for the statute to apply retroactively, then we must proceed to the second step of the analysis, which requires a determination as to whether the statute is substantive or remedial. Id. Although Section 28, Article II of the Ohio Constitution denies the General Assembly the power to pass retroactive laws, the prohibition "has reference only to laws which create and define substantive rights, and has no reference to remedial legislation." State ex rel. Slaughter v. Indus. Comm. (1937),132 Ohio St. 537, 542; see, also, Bielat v. Bielat (2000),87 Ohio St.3d 350, 354.
 {¶ 12} The Supreme Court of Ohio stated:
* * * A statute is "substantive" if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation, or liabilities as to a past transaction, or creates a new right. Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right. * * *
State v. Cook (1998), 83 Ohio St.3d 404, 411 (citations omitted), certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122.
 {¶ 13} The amendment of R.C. 2901.13 survives the two-part test. First, the General Assembly expressly intended for the amendment to apply retroactively. Effective March 1999, before the statute of limitations period expired, Section 3 of H.B. 49, 147 Ohio Laws, Part I, 299, 301, amended former R.C. 2901.13. According to Section 3:
Section 2901.13 of the Revised Code, as amended by this act, applies to an offense committed on and after the effective date of this act and applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act.
 {¶ 14} Consequently, the General Assembly expressly intended for the amended statute to apply retroactively to the offenses in question. SeeState v. Crooks, 152 Ohio App.3d 294, 2003-Ohio-1546, at ¶ 11, appeal not allowed, 99 Ohio St.3d 1438, 2003-Ohio-2902.
 {¶ 15} Second, the amendment of R.C. 2901.13 did not take away a vested right or infringe on defendant's substantive rights. Because the amendment became effective before the pre-existing statute of limitations period had expired, defendant had not been free from the possibility of prosecution when the amendment took effect. Therefore, the retroactive application of R.C. 2901.13 is remedial in nature. See Crooks, at ¶ 12, citing Gregory v. Flowers (1972), 32 Ohio St.2d 48, paragraph one of the syllabus; State v. Gomez, Wyandot App. No. 16-04-10, 2005-Ohio-1606, at ¶ 45, following Crooks, supra. Cf. State v. Webb (1994), 70 Ohio St.3d 325,331, certiorari denied (1995), 514 U.S. 1023, 115 S.Ct. 1372 (stating that "`[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts"'), quoting Collins v.Youngblood (1990), 497 U.S. 37, 41, 110 S.Ct. 2715. That is, the legislature's amendment of R.C. 2901.13 did not infringe on defendant's substantive rights. See State v. Steele, 155 Ohio App.3d 659,2003-Ohio-7103, at ¶ 6, appeal not allowed (2004), 102 Ohio St.3d 1458,2004-Ohio-2569, following Crooks, supra.
 {¶ 16} Because the General Assembly expressly intended for R.C. 2901.13
to apply retroactively, and because the amendment is remedial, the retroactive application of the statute does not violate the Retroactivity Clause of the Ohio Constitution.
 {¶ 17} Similarly, the retroactive application of amended R.C. 2901.13
does not violate the Ex Post Facto Clause of the United States Constitution. Section 10, Article I, United States Constitution provides, in pertinent part, that "[n]o state shall * * * pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."
 {¶ 18} A violation of the Ex Post Facto Clause occurs only in the following situations:
"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." * * *
Youngblood, supra, at 42, quoting Calder v. Bull (1798), 3 Dall. 386, 390, 1 L.Ed. 648 (emphasis sic.).
 {¶ 19} Moreover, it is well-established that "no ex post facto violation occurs if the change in the law is merely procedural and does `not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" Miller v. Florida
(1987), 482 U.S. 423, 433, 107 S.Ct. 2446 (citation omitted); see, also,Dobbert v. Florida (1977), 432 U.S. 282, 293, 97 S.Ct. 2290, rehearing denied, 434 U.S. 882, 98 S.Ct. 246 (stating that "[e]ven though it may work to the disadvantage of a defendant, a procedural change is not ex post facto").
 {¶ 20} Federal courts have held that modifying the statute of limitations period is procedural and does not violate the ex post facto clause so long as the amendment becomes effective before the pre-existing statute of limitations period expires. United States v. Knipp (C.A.6, 1992), 963 F.2d 839, 844, following United States ex rel. Massarella v.Elrod (C.A.7, 1982), 682 F.2d 688, 689, certiorari denied (1983),460 U.S. 1037, 103 S.Ct. 1426; United States v. Grimes (C.A.11, 1998),142 F.3d 1342, 1351, rehearing en banc denied, 157 F.3d 908, certiorari denied (1999), 525 U.S. 1088, 119 S.Ct. 840, and cases cited therein.
 {¶ 21} Here Sub.H.B. No. 49 (1998) does not punish any action that was formerly not a crime or increase the penalty for a crime already committed. Nor does it alter the legal rules of evidence. Because the pre-existing six-year statute of limitations period applicable to defendant had not expired when the statutory amendment to R.C. 2901.13
was enacted, we find that the retroactive application of amended R.C.2901.13 does not violate the Ex Post Facto Clause. See Grimes, supra, at 1351. Cf. Stogner v. California (2003), 539 U.S. 607, 610, 632-633,123 S.Ct. 2446 (holding that extending the statute of limitations period after the pre-existing limitations period expires violates the Ex Post Facto Clause).
 {¶ 22} As for defendant's claim of ineffective assistance of counsel, an appellate court may not reverse a conviction unless defendant demonstrates: (1) counsel's assistance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, rehearing denied, 467 U.S. 1267,104 S.Ct. 3562. To satisfy the first requirement, defendant must show that his attorney's performance fell below an objective standard of reasonableness. Id. at 687-688. A presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance because there are many ways to provide effective assistance of counsel. Id. at 689. To satisfy the second requirement, defendant must show a "reasonable probability" that but for counsel's errors, the outcome of the proceeding would have been different. Id. at 694.
 {¶ 23} Even assuming, arguendo, that defendant's counsel performed in a deficient manner by failing to move for a dismissal on ex post facto principles, defendant cannot show prejudice because defendant's arguments, as a matter of law, cannot prevail. Thus, defendant's claim cannot satisfy the second prong of the Strickland test. Accordingly, because defendant cannot satisfy the second prong of the Strickland
test, defendant has not demonstrated ineffective assistance of counsel.
 {¶ 24} For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed
French and McGrath, JJ., concur.