DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ronald Sklare, appeals from his convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On March 7, 2005, appellant was indicted on eight counts of rape in violation of former R.C. 2907.02. The indictment alleged that the offenses occurred between 1986 through 1993. The indictment resulted from appellant's admission during a custody proceeding that he had engaged in sex with his then eight year old daughter from a prior marriage. *Page 2 
 {¶ 3} On April 13, 2005, appellant filed a motion to dismiss, alleging that his prosecution was barred by the relevant statute of limitations. The trial court held two evidentiary hearings on the motion on June 8, 2005 and on February 22, 2006. Appellant supplemented his motion to dismiss on January 17, 2006. On April 11, 2006, the trial court denied the motion to dismiss. On April 14, 2006, appellant pled no contest to the counts in the indictment. The trial court accepted appellant's plea, found him guilty, and sentenced him accordingly. Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS ON GROUNDS THAT THE INDICTMENT WAS BARRED BY THE STATUTE OF LIMITATIONS."
 {¶ 4} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to dismiss. Specifically, appellant asserts that the trial court erred when it failed to find that the charges against him are barred by the statute of limitations. This Court finds no prejudicial error in the trial court's ruling.
 {¶ 5} "In reviewing the propriety of a criminal indictment issued under Ohio law, a trial court may determine only whether the indictment is valid on its face[.]" State v. Bader (June 20, 2001), 9th Dist. Nos. 00CA0087, 00CA0088, *Page 3 
00CA0089. "When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is essentially moving for summary judgment." State v. Headley (Dec. 22, 1999), 9th Dist. No. 19481. However, the Ohio Rules of Criminal Procedure do not allow for this type of "summary judgment" on an indictment prior to trial. State v. McNamee (1984), 17 Ohio App.3d 175; Akron v. Davis (July 31, 1991), Summit App. No. 14989. As appellant's "claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case." State v. Varner (1991),81 Ohio App.3d 85, 86 Generally, "premature declarations," such as that presented in a pretrial motion to dismiss, are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14. "Were we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." Varner,81 Ohio App.3d at 86.
 {¶ 6} Here, we find no prejudicial error in the trial court's denial of appellant's motion to dismiss. Appellant's motion required "the trial court [to go] beyond the face of the indictment, conducting evidentiary hearings to determine when the crimes took place and whether the State had instituted proceedings after the six-year statute of limitations set forth" in the Revised Code. Headley, supra. Accordingly, the trial court should not have entertained appellant's motion to *Page 4 
dismiss. This Court, therefore, cannot find prejudicial error in the trial court's denial of that improper motion. Appellant's sole assignment of error is overruled.
 III. {¶ 7} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 5 
Costs taxed to appellant.
 WHITMORE, P. J., MOORE, J., CONCUR *Page 1