DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Ronald E. Sklare, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On March 7, 2005, Defendant was indicted on six counts of rape in violation of R.C. 2907.02(A)(1)(b) and two counts of rape in violation of R.C. 2907.02(A)(2), aggravated felonies of the first degree, for conduct from 1986-1993, against Defendant's daughter, M.S. The indictment resulted from Defendant's admission during a custody proceeding that he had engaged in sex with his then eight year old daughter from a prior marriage. Defendant pled not guilty and on April 13, 2005, moved to dismiss the indictment as having been brought outside the applicable statute of limitation set forth in R.C. 2901.13. On June 8, 2005, and February 22, 2006, the trial court conducted evidentiary hearings on the motion to dismiss. On April 11, 2006, the trial court denied the motion to dismiss. On April 14, 2006, Defendant pled no contest. The trial court found him guilty and on April 26, 2006, sentenced him to life in prison on counts *Page 2 
one, two, three, four, and five and a period of 10-25 years on counts six, seven, and eight. All sentences were to be run concurrently.
 {¶ 3} On May 30, 2006, Defendant appealed his conviction, asserting that the trial court erred in denying his motion to dismiss on statute of limitations grounds. On March 28, 2007, this Court affirmed the trial court's judgment holding that because Defendant's motion asked the trial court to go beyond the face of the indictment, the motion was more akin to a summary judgment motion. State v. Sklare, 9th Dist. No. 23245,2007-Ohio-1426, at ¶ 5. Thus, we stated, Defendant should have raised the issue of statute of limitations at the close of the State's case in chief. Id. at ¶ 6.
 {¶ 4} On October 9, 2007, Defendant moved to withdraw his guilty plea and on October 12, 2007, the trial court granted his motion and vacated Defendant's conviction. On October 12, 2007, Defendant waived his right to a jury trial and a bench trial ensued on November 21, 2007. Defendant moved for acquittal based on the statute of limitations at the close of the State's case. The trial court denied Defendant's motion and found Defendant guilty of the first seven counts of the indictment. Defendant was found not guilty on count eight of the indictment. On January 8, 2008, Defendant was sentenced to life in prison on counts one, two, three, four, and five and a period of 10-25 years on counts six and seven. The sentences were to be served concurrently. Defendant timely appealed his conviction and raises two assignments of error.
 Assignment of Error I "The trial court erred in overruling Defendant's criminal rule 29 motion for acquittal on grounds that the indictment and prosecution were barred by the statute of limitations." *Page 3 
 Assignment of Error II "The trial court erred in finding Defendant guilty of the offenses as set forth in the indictment on grounds that the indictment and prosecution were barred by the statute of limitations."
 {¶ 5} Defendant argues that the trial court erred in denying his Crim. R. 29 motion and finding him guilty because his indictment and conviction were barred by the statute of limitations. Defendant maintains that the alleged inappropriate sexual behavior between Defendant and M.S. occurred prior to March 9, 1993, and that Children Services Board ("CSB") was aware of allegations in February of 1993. Thus, Defendant asserts, the corpus delicti was discovered in February of 1993 and the statute of limitations period began to run. Defendant then argues that his indictment was barred by the then-applicable statute of limitation of six years on March 9, 1999. At issue here are two versions of R.C. 2901.13, the statute of limitations for violations of R.C. 2907.02. On March 9, 1999, R.C. 2901.13 was modified to expand the previous six-year statute of limitations to twenty years. The statute was to be applied retroactively, but only to cases where the six year statute of limitations had not already run. Defendant does not challenge that his conviction was not supported by sufficient evidence, other than arguing that his conviction was time-barred.
 {¶ 6} The State argues that the statute of limitations was not triggered until April 1, 1993, or a few days prior, when M.S. told her mother about the abuse, after which her mother called her attorney and CSB. The State argues that an anonymous tip about potential abuse in February 1993, that was unsubstantiated, could not cause the statute of limitations period to begin to run. Thus, the State maintains, the six-year statute of limitations had not run by March 9, 1999, and the indictment was proper under the 20 year statute of limitations. *Page 4 
 {¶ 7} When reviewing a trial court's denial of a Crim. R. 29 motion, this Court assesses the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, we must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646,653. "In essence, sufficiency is a test of adequacy." State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 8} Based on our review of the record and viewing the evidence in the light most favorable to the prosecution, we hold that that Defendant's indictment was not barred by the statute of limitations and that the trial court properly denied Defendant's motion for acquittal under Crim. R. 29 and found Defendant guilty.
 {¶ 9} The version of R.C. 2901.13 effective January 1, 1974, stated that, "a prosecution shall be barred unless it is commenced within the following periods after an offense is committed: (1) for a felony other than aggravated murder or murder, six years[.]" The current version of the statute contains language that was effective on March 9, 1999, changing the statute of limitations period to twenty years for a violation of R.C. 2907.02. R.C. 2901.13(A)(3)(a). Section 3, Am. Sub. H.B. 49 states:
 "Section 2901.13 of the Revised Code, as amended by this act, applies to an offense committed on and after the effective date of this act and applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13
of the Revised Code as it existed on the day prior to the effective date of this act."
Various appellate districts have held that this language demonstrates that the legislature intended such retroactive application and further, that the retroactive application was constitutional. See, State v.Dycus, 10th Dist. No. 04AP-751, 2005-Ohio-3990, at ¶ 14-15; State v.Gomez, 3d Dist. *Page 5 
No. 16-04-10, 2005-Ohio-1606, ¶ 42-46; State v. Steele,155 Ohio App.3d 659, 2003-Ohio-7103, at ¶ 5-6; State v. Barker, 6th Dist. No. L-01-1290,2003-Ohio-5417, at ¶ 15; State v. Crooks, 152 Ohio App.3d 294,2003-Ohio-1546, at ¶ 14. Neither Defendant nor the State argue otherwise. The current version of R.C. 2901.13 also states that, "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." R.C. 2901.13(F).
 {¶ 10} Thus, the question before the trial court was when the conduct, which led to Defendant's conviction, was discovered. Defendant urges us to find that R.C. 2151.421 requires "certain professionals to report suspected abuse of a child to the local children services agency or local law enforcement agency," that section 2151.421(A)(1)(b) lists the responsible adults who must make a report of such allegations, and that CSB employees are among such listed responsible adults. Defendant maintains that the corpus delicti is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of the crime. Defendant then argues that Kim Evans (fka LaRue), a CSB caseworker, who investigated a complaint lodged on February 15, 1993, that Defendant was acting in a sexually inappropriate manner with his spouse in front of his children, should have reported such allegations. Moreover, Defendant maintains Evans was a responsible adult and should be charged with knowledge of the corpus delicti so as to commence the statute of limitations. Defendant cites several cases that he believes support of his argument — State v. Ritchie (1994) 95 Ohio App.3d 569 and State v.Koerner, 2d Dist. No. 19830, 2004-Ohio-457.
 {¶ 11} The State argues that even were Defendant's argument supported by law, Evans and CSB could not be charged with subjective knowledge that Defendant was raping M.S. when: (1) the initial complaint in February was in an anonymous telephone call; (2) the telephone call did not allege that Defendant sexually abused M.S., only that Defendant acted inappropriately *Page 6 
with his wife in the presence of children; (3) M.S. acknowledged that Defendant had asked her to touch his penis in 1986 or 1987, but denied that Defendant had made any advances since that time; (4) Defendant denied the misconduct; and (5) M.S.'s counselor denied any suspicion that M.S. was abused. Moreover, the State contends, Evans "testified that based on her investigation she had no knowledge that [Defendant] was raping MS."
 {¶ 12} "For purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." State v. Hensley (1991), 59 Ohio St.3d 136, syllabus. We hold that a responsible adult did not have the knowledge as required by Hensley that Defendant was allegedly raping M.S. until the last few days in March or first day of April in 1993.
 {¶ 13} M.S. testified that she first told an adult (her mother, Deborah Wolfe) during a weekend visitation around Easter of 1993, that her father had sexually molested her between 1990 and 1993. M.S. indicated that she had told a friend "possibly the school year before." M.S. also testified that she told her mother not to say anything, but that sometime during the week following her admission to her mother, she was pulled from class and interviewed by CSB.
 {¶ 14} Detective Woodbury testified that the custody of M.S. and her siblings was temporarily transferred by way of Juv. R. 6 on April 1, 1993. Woodbury explained that Juv. R. 6 reports are generated the same day the child is taken into temporary custody.
 {¶ 15} Deborah Wolfe testified that M.S. told her that Defendant had sexually abused her during a weekend visitation. Wolfe stated that she called her attorney Monday morning who advised her to call CSB, which she did on that same day. Wolfe testified that M.S. and her brothers were taken into temporary custody three or four days later. *Page 7 
 {¶ 16} Evans testified about a report she generated on March 19, 1993. Evans explained that the investigation commenced after CSB received anonymous duplicate telephone calls on February 15, 1993, alleging sexual inappropriateness between Defendant and his wife in front of Defendant's three children, including M.S. Evans also testified as to an "FYI" notation on the report that stated that M.S. "wanted to be removed from the home because of difficulties with her father. Wouldn't give specific incidents. She did state that she was sexually abused by her father but he has not bothered her recently." Evans indicated that the FYI was dated February 23, 1993, and that she did not know the source of the FYI. Evans testified that she met with M.S. on February 25, 1993, and asked her about the sexual inappropriateness allegation and whether Defendant had ever made sexual advances towards her. Evans explained that M.S. told her that when she was nine, Defendant had asked her to touch his penis, but that nothing had happened after that. Evans testified that she spoke with M.S. again on March 3, 1993, and M.S. again denied any sexual abuse by Defendant.
 {¶ 17} Evans testified that she also spoke with Defendant, who told her that the children had never told him they were uncomfortable with how he acted with his wife. Evans explained that Defendant also told her that he did not think he did anything wrong, but would cease similar behavior. Evans noted that Defendant did not deny that he had fondled his wife in the presence of his children. Evans testified that Defendant denied that he made any sexual advances towards M.S.
 {¶ 18} Finally, Evans testified that she spoke with M.S.'s counselor who indicated that "she ha[d] never suspected any abuse, physical or sexual, in [Defendant's] home."
 {¶ 19} Based on the foregoing, Evans explained, she found the anonymous allegation of sexual abuse to be unsubstantiated and that she "found no sexual abuse to have been occurring at *Page 8 
that time" and closed the case. Evans testified that, at that time, she had no knowledge that M.S. was being raped by her father.
 {¶ 20} During cross-examination, Evans acknowledged the classification of the February 1993 report as "sexual abuse," but explained that this is a broad category and encompasses sexual inappropriateness as well.
 {¶ 21} We initially note that Exhibits A and B, the "CSB record" and "CSB record update" were admitted by the trial court into evidence during the February 22, 2006 hearing as "Court's Exhibits." However, neither exhibit is in the record and specifically identified by a witness. Accordingly, our review is limited to testimony and State's exhibits 8 and 9 filed under seal, which are in the record.
 {¶ 22} Based on the foregoing, we hold that Evans and CSB did not have knowledge that Defendant raped M.S. until the last few days in March or at the latest April 1, 1993, so as to trigger the statute of limitations period. M.S. denied that Defendant raped her. Defendant denied any sexual advances against M.S. and M.S.'s counselor indicated that she did not suspect sexual abuse. Moreover, M.S.'s complaint that Defendant had asked her to touch his penis six or seven years prior (importuning) was a first-degree misdemeanor under former R.C. 2907.07 and given M.S.'s denial that anything had happened since that date, would not have caused Evans to have knowledge that Defendant was raping M.S. in 1993. The cases cited by Defendant do not offer any support for an opposite conclusion.
 {¶ 23} In Ritchie, supra, the Twelfth District Court of Appeals, affirmed the trial court's dismissal of the defendant's indictment based on the statute of limitations. In Ritchie, the sexual abuse of a child was discovered when the child's babysitter reported the child's "graphic account" of abuse to a child services agency seven years before defendant was indicted. Id. at *Page 9 
571. Here, as discussed above, the February 1993 complaint did not allege rape or other sexual abuse.
 {¶ 24} In Koerner, supra, the Second District Court of Appeals reversed the trial court's denial of a defendant's motion to dismiss on statute of limitations grounds. In Koerner, the defendant confessed to sexual abuse to his own counselor, who failed to report it timely. The actual conduct for which defendant was charged was known by a responsible adult thus triggering the statute of limitations period. Here, as discussed above, Evans and CSB had no knowledge that Defendant was raping M.S. until M.S. reported Defendant's conduct in late March or early April 1993.
 {¶ 25} Given that the purpose of a statute of limitations is to "discourage inefficient or dilatory law enforcement rather than give offenders the chance to avoid criminal responsibility for their conduct" and to limit criminal prosecutions so that they are "based on reasonably fresh, and therefore more trustworthy evidence," we hold that the trial court did not err in denying Defendant's motion for acquittal and convicting Defendant of rape. Hensley, 59 Ohio St.3d at 138, quoting legislative comment to Am. Sub. H.B. 511 (1974).
 {¶ 26} Each of Defendant's assignments of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1