JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Herron, pro se, appeals from his guilty plea to counts of rape and aggravated robbery and offers four arguments on appeal: (1) the court erred by refusing to dismiss the rape count on statute of limitations grounds; (2) the court erred by denying his presentence motion to withdraw his guilty plea, (3) the indictment omitted a necessary element of the offense, and (4) the court erred by denying his motion to dismiss for violation of his right to a speedy trial. These arguments lack merit, so we affirm.
 {¶ 2} Herron pleaded guilty to one count of rape and one count of aggravated robbery. The court referred Herron for a presentence investigation report, but Herron refused to be interviewed, telling the probation department that he intended to withdraw his guilty plea. He filed a pro se motion to "dismiss commencement of prosecution" on grounds that the statute of limitations for rape had expired prior to his indictment. When the parties convened for sentencing, defense counsel told the court that he discussed the statute of limitations matter with Herron prior to the guilty plea, explaining to Herron that the limitations period had not expired. The court agreed that the limitations period had not expired and Herron told the court that the limitations argument was just "one half" of his request to withdraw his plea — he wondered why it had taken so long to indict him for the offenses. The court stated that *Page 4 
Herron had not shown "any viable reason" to justify withdrawal of the guilty plea and denied the motion.
 {¶ 3} We permitted Herron's originally-assigned appellate counsel to withdraw pursuant to Anders v. California (1967), 386 U.S. 738, upon his showing that there were no meritorious, appealable issues. In conformity with Anders, assigned counsel submitted a brief "referring to anything in the record that might arguably support the appeal." Id. at 744. TheAnders brief identified the same errors contained in the assignments of error set forth by Herron. Although counsel acknowledged that these arguments were frivolous, we nonetheless permitted Herron to assert them pro se for a decision on the merits. Id. ("If it so finds [the appellate court] may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.") Id.
 I {¶ 4} Herron first argues that the court should have dismissed the indictment on statute of limitations grounds. He argues that the rape occurred on October 7, 1996, but that the grand jury did not return the indictment until September 25, 2007, more than six years after the offense.
 {¶ 5} This assignment is without merit because the statute of limitations for rape is 20 years. See R.C. 2901.13(A)(3)(a). While it is true that the statute of limitations at the time Herron committed the rape was only six years, the *Page 5 
General Assembly retroactively extended the limitations period in March 1999 to all cases in which the six-year limitations period had not yet expired. The courts have uniformly upheld the constitutionality of this retroactive extension of the limitations period. See, e.g., State v.Diaz, Cuyahoga App. No. 81857, 2004-Ohio-3954; State v. Dycus, Franklin App. No. 04AP-751, 2005-Ohio-3990. When the extended limitations period became effective, only three years had elapsed from the time of the rape. The limitations period thus became 20 years. The court did not err by refusing to dismiss the indictment on statute of limitations grounds.
 II {¶ 6} Herron next argues that the court erred by denying his Crim. R. 32.1 presentence motion to withdraw his guilty plea. We summarily overrule this assignment of error because apart from the previously rejected argument relating to statute of limitations, Herron failed to articulate any reason to justify withdrawal of his plea. He simply stated that "I want to take it to trial and let the jury convict me." The court found this did not constitute a valid reason for allowing the withdrawal of the plea, and we cannot say that the court abused its discretion in so concluding. See State v. Peterseim (1980),68 Ohio App.2d 211.
 III {¶ 7} Herron next maintains that the indictment omitted the culpable mental element for aggravated robbery in conformity with the syllabus toState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, which held that the omission of the *Page 6 
reckless mental element from an indictment for robbery meant that the state failed to charge an offense, and that failure constituted structural error which required reversal.
 {¶ 8} The state charged Herron with aggravated robbery under R.C. 2911.01(A) (1). That section states: "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 9} We have rejected the application of Colon to aggravated robbery counts brought pursuant to R.C. 2911.01(A)(1) because the supreme court has held that "it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." SeeState v. Wharf, 86 Ohio St.3d 375, 1999-Ohio-112, paragraph two of the syllabus. We have therefore held that an indictment for aggravated robbery under R.C. 2911.01(A)(1) does not need to state a culpable mental element as required by Colon because it is a strict liability offense. See State v. Wade, Cuyahoga App. No. 90145, 2008-Ohio-4870,¶ 7; State v. Peterson, Cuyahoga App. No. 90263, 2008-Ohio-4239, ¶ 13-15; State v. Saucedo, Cuyahoga App. No. 90327, 2008-Ohio-3544, fn. 1.
 IV *Page 7 {¶ 10} Finally, Herron maintains that he was denied his right to a speedy trial. This assignment is without merit because Herron twice executed waivers of the speedy trial, the last one waiving his speedy trial time to March 31, 2008. Herron pleaded guilty on March 10, 2008, so he entered his guilty plea within the applicable speedy trial time.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1