[Cite as *State v. Pluhar*, 2016-Ohio-1465.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102012**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TIMOTHY PLUHAR**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-14-584753-A
Application for Reopening
Motion No. 490195

**RELEASE DATE:** April 6, 2016

**FOR APPELLANT**

Timothy Pluhar, pro se
S.C.C. Hocking Correctional Facility
16759 Snake Hollow Road
P.O. Box 59
Nelsonville, Ohio   45764-0059


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Denise J. Salerno
        Daniel T. Van
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Timothy Pluhar has filed a timely application for reopening pursuant to App.R. 26(B). Pluhar is attempting to reopen the appellate judgment that was rendered in *State v. Pluhar*, 8th Dist. Cuyahoga No. 101289, 2015-Ohio-3344, that affirmed his plea of guilty to the offenses of rape, tampering with evidence, and sexual battery and the sentence imposed by the trial court. We decline to reopen Pluhar's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Pluhar is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

{¶4} Herein, Pluhar raises two proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. Pluhar, through his two proposed assignments of error, argues that his convictions for the offenses of rape, tampering with evidence, and sexual

battery were time-barred because the six-year statute of limitations, in effect at the time of the commission of the offenses, had expired.

{¶5} Effective March 9, 1999, the General Assembly amended R.C. 2901.13 to provide that the statute of limitations for certain felony offenses, including rape (R.C. 2907.02) and sexual battery (R.C. 2907.03), was 20 years. The legislative history to the amendment states that:

> Section 2901.13 of the Revised Code, as amended by this act, applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act.

{¶6} Thus, if the statute of limitations had not expired by March 8, 1999, an offender is subject to prosecution under the amended version of R.C. 2901.13. *See State v. Herron*, 8th Dist. Cuyahoga No. 91362, 2009-Ohio-2128. Courts throughout the state of Ohio have uniformly upheld the constitutionality of this retroactive extension of the statute of limitations. *State v. Steele*, 155 Ohio App.3d 659, 2003-Ohio-7103, 802 N.E.2d 1127 (1st Dist.).

{¶7} In the case sub judice, the offenses of rape and sexual battery occurred between June 20, 1998, and August 4, 1999. Thus, the applicable statute of limitations to the offenses of rape and sexual battery is 20 years.

{¶8} In addition, the plea of guilty entered by Pluhar waived any claim that the conviction for the offense of tampering with evidence was time-barred by a statute of limitations of six years. *State v. Brown*, 43 Ohio App.3d 39, 539 N.E.2d 1159 (1st Dist.1988); *State v. Keinath*, 6th Dist. Ottawa No. OT-11-032, 2012-Ohio-5001. Pluhar's two proposed assignments of error lack merit, and we find that he has failed to establish a claim of ineffective assistance of appellate counsel.

**{¶9}** Application denied.

_____

FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR