[Cite as *State v. Korecky*, 2020-Ohio-797.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                             No. 108328

    v.                             :

ROBERT F. KORECKY,                      :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629279-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee.*

Robert F. Korecky, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Robert Korecky ("Korecky" hereafter) appeals, pro se, from a judgment of the Cuyahoga County Common Pleas Court convicting him of attempted theft, a first-degree misdemeanor, after he entered a guilty plea to the

offense. On appeal, he claims his trial counsel provided ineffective assistance of counsel for failing to litigate a motion to dismiss based on the statute of limitations filed before he pleaded guilty, and the deficient performance by counsel rendered his plea less than knowing and voluntary. He also argues his plea was not knowing and voluntary due to the trial court's conduct at the plea hearing. After a review of the record and applicable law, we find no merit to Korecky's appeal and affirm the trial court's judgment.

Background

{¶ 2} On June 1, 2018, appellant was indicted with two counts of identity fraud, both fourth-degree felonies, and one count of theft, also a fourth-degree felony. These offenses stemmed from the state's allegation that in the spring of 2012, appellant used the personal information of his brother Ryan Korecky ("Ryan") to obtain student loans and had the funds deposited into appellant's bank account.

{¶ 3} More than five years later, on April 4, 2017, Ryan called the police to report the alleged identity fraud. Three days later, on April 7, 2017, Ryan made a police report stating that he received a letter informing him that he owed money on some student loans. When Ryan ran a credit report, he discovered that his personal information had been used to obtain two student loans and a cable account totaling $5,889. Ryan reported that all of the addresses belonged to his brother Robert Korecky. Ryan also alleged that, because of the outstanding balance on the student loans, he was unable to receive a tax refund for 2017. According to the state's evidence, Robert Korecky applied for the student loans on January 7, 2012, and the

loans were deposited into Robert Korecky's bank account on January 25, 2012, February 22, 2012, and March 21, 2012. In the indictment, the date of the offenses was listed as January 17, 2012.

Motion to Dismiss

{¶ 4} After the state provided discovery, Korecky's counsel filed a motion to dismiss on October 26, 2018. Korecky argued the charges against him were barred by the statute of limitations and the discovery rule did not toll the statute of limitation in this case. On December 13, 2018, the state filed a brief opposing Korecky's motion to dismiss, arguing the charges of identity fraud were brought within the statutory time pursuant to the discovery rule.

Guilty Plea and Sentence

{¶ 5} Two months after the state filed its opposition to the motion to dismiss and before any further litigation on Korecky's motion to dismiss, on February 19, 2019, Korecky pleaded guilty to a reduced charge of attempted theft, a first-degree misdemeanor, in exchange for the state's nolling of the two felony identity fraud counts. At the plea hearing, the trial court accepted Korecky's guilty plea after a Crim.R. 11 plea colloquy. The court then sentenced him to a suspended six-month jail term and ordered him to pay a fine of $250 and the cost of prosecution. The sentencing entry also stated "no contact with victim(s)."

{¶ 6} On appeal, Korecky presents three assignments of error for our review:

I. Appellant was deprived of his Sixth Amendment right to the effective assistance of counsel, because his trial counsel failed to litigate the motion to dismiss on the statute of limitations grounds, or to seek this prosecution's dismissal for violation of due process — unconstitutional preindictment delay, which caused his plea to be less than knowing and voluntary.

II. Appellant's guilty plea was not voluntary and/or knowingly [sic] due to participation by the trial court in the plea and coercion by the trial court.

III. The trial court committed reversible error when it became a party to the plea agreement, promised a sentence and did not abide by it, rendering appellant's plea involuntary.

For ease of discussion, we review the second and third assignments first, because they both concern Korecky's contention that his plea was not voluntary and knowing due to the trial court's conduct at the plea hearing.

Alleged Coercive Conduct by the Trial Court

{¶ 7} Under the second assignment of error, Korecky claims his guilty plea was involuntary because the trial court improperly participated in the plea agreement process and coerced him into pleading guilty.

{¶ 8} A guilty plea is invalid unless it is knowingly, intelligently, and voluntarily made. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Although the Supreme Court of Ohio discourages the trial court's participation in the plea bargaining process, a plea is not presumptively invalid merely because of such involvement. *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 4, citing *State v. Byrd*, 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980). Instead, an appellate court reviews the entire record to determine if the trial court's conduct

could lead a defendant to believe he could not get a fair trial "'because the [trial court] thinks that a trial is a futile exercise or that the [trial court] would be biased against him at trial.'" *Id.* at ¶ 4, quoting *Byrd* at 293-294.

{¶ 9} Korecky cites the following statements by his trial counsel and the trial court at the plea hearing as indications of the trial court's improper participation in the plea process:

> [Defense Counsel]: I did advise my client of our conversations in chambers that should he decide to enter a change of plea that it was your inclination to impose a fine and court costs and no probation.
>
> The Court: All right.
>
> * * *
>
> The Court:   Okay. Do you understand the potential difference in the consequences; if there's a trial and the jurors believe the State's evidence beyond a reasonable doubt that the potential is for two F-4's and an F-5 which the potential consequence is 18 months on each F-4 and 12 months on the F-5? So worst case scenario would be 48 months in prison.
>
> I'm not saying that will happen if the State is successful, but do you understand the difference between fines and costs versus four years in prison? That's a big difference, right?
>
> * * *
>
> The Court:   I've told your attorney the sentence I'm going to impose and I will impose that sentence today as long as there's no objection from the State with respect to a victim wanting to be present.

{¶ 10} The statements by the defense counsel and the trial court made it apparent that there was a discussion among the prosecutor, the defense counsel, and the trial court off the record regarding the plea bargain offered by the state.  In such a situation, as this court noted, it is important that a record be established that a

defendant is aware of the plea deal, by placing on the record the plea deal involving the trial judge's participation. *State v. Jabbaar*, 2013-Ohio-1655, 991 N.E.2d 290, ¶ 27 (8th Dist.), citing *Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Here, the defense counsel did just that — placing the plea deal discussed in the presence of the trial court on the record, including the trial court's inclination regarding the sentence.

{¶ 11} Moreover, we note that a trial court's discussion of the potential penalties on the record was not coercive. *State v. McNeir*, 8th Dist. Cuyahoga No. 105417, 2018-Ohio-91, ¶ 17 (no evidence of coercion by the trial court in discussing the different sentences the defendant would face if he pleaded guilty versus going to trial). Here, the transcript reflects that after the trial court compared the penalties between the offenses as charged in the indictment and the reduced charge offered in the plea bargain, the trial court stressed that Korecky was innocent until proven guilty. The court then noted that there appeared to be some discovery the state may not have provided and mentioned the possibility of setting a trial date. However, before the trial court had a chance to complete its sentence regarding the discovery and a potential trial date, Korecky interrupted the court and indicated he was going to plead guilty, and further assured the court and his counsel that he understood the implications of going to trial on the felony offenses versus pleading guilty to a misdemeanor offense.[1]

---

[1] The transcript reflects the following exchange:

{¶ 12} Having reviewed the record, we cannot conclude the trial court placed undue pressure on Korecky to accept the plea deal or that its conduct led Korecky to believe he could not get a fair trial because the trial court thought a trial would be a futile exercise or that the trial court would be biased against him at trial. The second assignment of error lacks merit.

{¶ 13} Under the third assignment of error, Korecky argues the trial court improperly became a party to the plea agreement by "promising" a sentence yet did not abide by it, which rendered his plea involuntary. "[A] guilty plea, if induced by promises or threats that deprive it of the character of a voluntary act, is void." *State v. Kelly*, 8th Dist. Cuyahoga Nos. 91875 and 91876, 2010-Ohio-432, ¶ 2. Korecky is correct that a plea agreement is a contract between the prosecution and a defendant

---

The Court: You're innocent until proven guilty. The Court has no information about — we talked a little bit about what's alleged and I know there are some issues with respect to maybe some documentation that the State may or may not have available, but we will set this for another date, a trial date and —

The Defendant: Well, I was saying that I do understand that that's the difference and that's why I feel that I have to — or that I'm going to take this. I thought we said I was going to take this. I thought that I was going to.

* * *

[Defense Counsel]: Do you want to take the plea? Is this what you want to do?

The Defendant: Yeah, what the offer was.

* * *

The Defendant: I understand the difference. That's why I'm going to take the deal.

and, when a trial court promises a certain sentence, the promise becomes inducement to enter a plea; therefore, unless that sentence is given, the plea is not voluntary. *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19, ¶ 22 (2d Dist.); *State v. White*, 2017-Ohio-287, 81 N.E.3d 958, ¶ 8 (8th Dist.); and *State v. Triplett*, 8th Dist. Cuyahoga No. 69237, 1997 Ohio App. LEXIS 493 (Feb. 13, 1997).

{¶ 14} Here, to the extent that the trial court participated in the plea process by indicating its inclination for a certain sentence, Korecky was sentenced exactly as represented by his trial counsel regarding the trial court's "inclination" for Korecky's sentence: a fine and court costs and no probation. The trial court did not impose probation, and Korecky did not have to serve a jail term. Accordingly, Korecky's claim that his plea was not voluntary because the trial court reneged on a promised sentence is not supported by the record. The third assignment of error is without merit.

Effect of Guilty Plea

{¶ 15} Under the first assignment of error, Korecky claims his trial counsel provided ineffective assistance of counsel for failing to litigate the motion to dismiss based on the statute of limitations filed by counsel prior to the plea hearing. He claims his counsel's performance was deficient in this regard and the deficient performance rendered his plea less than knowing and voluntary.

{¶ 16} A guilty plea is a complete admission of the defendant's guilt. "[A] guilty plea represents a break in the chain of events that precede it in the criminal

process." *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred unless the errors precluded the defendant from entering a knowing, voluntary, and intelligent plea. *State v. Robinson*, 8th Dist. Cuyahoga No. 107598, 2020-Ohio-98, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

{¶ 17} Moreover, a defendant's guilty plea acts to waive the benefits of the application of statutes of limitations and therefore, the merits of such arguments cannot be raised on appeal. *State v. Cleavenger*, 11th Dist. Portage No. 2019-P-0036, 2020-Ohio-73, ¶ 14. *See also State v. Keinath*, 6th Dist. Ottawa No. OT-11-032, 2012-Ohio-5001, ¶ 25 (because the expiration the statute of limitations was not a jurisdictional defect, Korecky was precluded from raising the issue on appeal when he pleaded guilty to the charges).

{¶ 18} Therefore, Korecky, having entered a guilty plea in this case, would be precluded from raising the claim regarding the statute of limitations on appeal, and he appears to try to circumvent the preclusive effect of guilty plea by arguing his trial counsel's performance regarding a potential statute of limitations defense rendered his plea less than knowing and voluntary.[2]

---

[2] While we do not reach the merits of the statute of limitations issue, we note that, even if appellant were not precluded from raising the statute of limitations issue and the issue were proper for our review, we would find the charges against appellant to have been brought timely. While the statutory time for the prosecution of a felony offense is six years, pursuant to the discovery rule set forth in R.C. 2901.13(G),"[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." When a crime involves fraud or identity fraud, R.C. 2901.13(B) sets forth additional provisions regarding the discovery rule. R.C. 2901.13(B)(1) involves an offense involving fraud and R.C. 2901.13(B)(2) involves identity fraud offenses. In *State v. Cook*, 128 Ohio

{¶ 19} A plea of guilty even waives the right to claim that a defendant was prejudiced by ineffective assistance of counsel, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *Spates*, 64 Ohio St.3d at 272, 595 N.E.2d 351.

{¶ 20} In order to establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland*, our assessment of an attorney's representation must be highly deferential and we are to indulge "a strong presumption that counsel's conduct falls

---

St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, the Supreme Court of Ohio explained the meaning of the additional tolling provision R.C. 2901.13(B)(1) (involving fraud). The court first affirmed that "pursuant to R.C. 2901.13(F) [now renumbered as R.C. 2901.13(G)] for a felony offense that contains an element of fraud, the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run only after the corpus delicti of that offense is discovered." *Id.* at ¶ 33. The court then explained that R.C. 2901.13(B)(1) contemplates a scenario where multiple victims were involved and, in such a situation, R.C. 2901.13(B)(1) provides the state with *one additional year* (beyond the tolling allowed by R.C. 2901.13(G)) in which to file charges even if the statute of limitations from the initial discovery has expired. *Id.* at ¶ 48 and 49. *Cook* did not concern R.C. 2901.13(B)(2), which involves tolling for identity fraud. However, because R.C. 2901.13(B)(2) and (B)(1) are worded almost identically, under *Cook*, where an identify fraud involves multiple victims, (B)(2) would provide additional five years (beyond the tolling allowed by R.C. 2901.13(G)) for the state to prosecute a defendant after the statute of limitations from the *initial* discovery has expired. The instant case does not involve a scenario of multiple victims, and therefore, R.C. 2901.13(B)(2) does not apply. Pursuant to R.C. 2901.13(G), the state could bring charges against appellant Korecky six years from the discovery of the identity fraud (April 4, 2017). Based on a misreading of R.C. 2901.13(B)(2), appellant claimed the discovery rule does not apply at all in this case and the statute of limitations for his identity fraud offenses expired sometime in January 2018, six years from the date of his offenses, contrary to the holding in *Cook*.

within the range of reasonable professional assistance." *Id.* at 689. In Ohio, every properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).  In the context of a guilty plea, prejudice is shown only if the defendant can demonstrate that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial.  *Williams, supra*, at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  In other words, a claim of ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea.  *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14.

{¶ 21}  We recognize a trial counsel's failure to advise a defendant of the statute of limitations defense can potentially avoid the application of the waiver requirement because it may impact the voluntary nature of the plea.  *Cleavenger* at ¶ 19, citing *State v. Seeley*, 7th Dist. Columbiana No. 2001 CO 27, 2002-Ohio-1545, ¶ 32-35 (finding the defendant demonstrated that counsel's ineffectiveness in failing to raise a statute of limitations defense prevented him from entering a knowing and voluntary plea).

{¶ 22}  Here, however, Korecky's trial counsel diligently asserted the defense of the statute of limitations on behalf of Korecky by filing a motion to

dismiss on the ground that the state failed to bring the charges against him within the statute of limitations. Korecky does not allege that the motion to dismiss was filed by counsel without his knowledge and, therefore, we must assume Korecky was very much aware of the potential statute of limitations defense raised in the pending motion to dismiss. Yet, while that motion to dismiss was pending, Korecky chose to plead guilty to a reduced charge of a misdemeanor offense instead of going to trial on multiple felony counts.

{¶ 23} This court has routinely held that an ineffective assistance of counsel claim for the failure to raise a statute of limitations defense is waived by a valid guilty plea. *State v. Asadi-Ousley*, 2018-Ohio-4431, 120 N.E.3d 520, ¶ 25 (8th Dist.), citing *State v. Ramos*, 8th Dist. Cuyahoga No. 104550, 2017-Ohio-934, ¶ 2; *State v. Pluhar*, 8th Dist. Cuyahoga No. 102012, 2016-Ohio-1465, ¶ 8. Our review of the plea transcript reflects that Korecky chose to plead guilty because of the significant prison term (a maximum term of 48 months) he would receive if he were to go to trial and be convicted of the felony offenses, as opposed to a fine and court costs if he was to plead guilty to a reduced misdemeanor offense. The transcript reflects that he represented to the trial court that he was not forced to plead guilty when asked if there were any threats or promises made to encourage the entry of a guilty plea; he stated he was satisfied with the representation he received from his counsel; and he was steadfast about pleading guilty to a misdemeanor instead of going to trial on three felony counts. On this record, Korecky fails to demonstrate there is a reasonable probability that, but for counsel's performance, he would not have

pleaded guilty and would have insisted on going to trial. *Williams*, *supra*, at ¶ 11. We are unable to conclude Korecky's plea was less than knowing or voluntary due to any perceived deficient performance by his counsel.

{¶ 24} Korecky also claims his plea was less than knowing or voluntary because his counsel provided ineffective assistance in failing to file a motion to dismiss on the ground of preindictment delay. The record reflects that Korecky's brother Ryan alleged that he discovered the identity fraud on April 4, 2017, and made a police report on April 7, 2017. The state indicted Korecky for identity fraud and theft on June 1, 2018. In his brief on appeal, Korecky alleges that he was prejudiced by the delay in the prosecution of this case because two cell phones he owned, which he claims contained exculpatory text messages he and Ryan exchanged between December 2011 and May 2012, and in May 2014, were no longer available: one was donated to Goodwill in June 2017 and the other one traded for a new phone in December 2017. In addition, Korecky alleges that another brother, Richard Korecky, could have provided testimony to show Ryan's allegations were not accurate, but Richard passed away in 2014.

{¶ 25} We do not reach the merits of Korecky's claim that his counsel provided ineffective assistance of counsel in failing to file a motion to dismiss on the grounds of preindictment delay and counsel's performance rendered his plea less than knowing or voluntary, because Korecky's claim relies on evidence outside of the record. Alleged statements or purported evidence made outside of the record are not properly considered on a direct appeal. *State v. Peak*, 8th Dist. Cuyahoga

No. 102850, 2015-Ohio-4702, ¶ 20; *State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 53 (8th Dist.) (ineffective assistance of counsel claim that would require proof outside of the record is not appropriately considered on a direct appeal).  For all the foregoing reasons, the first assignment of error is overruled.

{¶ 26}  Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR