[Cite as *State v. Gibbs*, 2014-Ohio-1341.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | **O P I N I O N** | |
| Plaintiff-Appellant, | : | | |
| - vs - | : | **CASE NO. 2012-G-3123** | |
| RICHARD W. GIBBS, | : | | |
| Defendant-Appellee. | : | | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 06 C 000077.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (Plaintiff-Appellee).

*Brendon J. Kohrs,* 421 Graham Road, Suite F, Cuyahoga Falls, OH 44221 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Richard W. Gibbs, appeals from the judgment of the Geauga County Court of Common Pleas, denying his post-sentence motion to withdraw his guilty plea. For the reasons discussed in this opinion, the trial court's judgment is affirmed.

{¶2} On July 11, 2005, appellant was indicted on 10 counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3), felonies of the third degree, for crimes he

allegedly committed between January 1, 1987 and December 31, 1989. Appellant pleaded not guilty to the charges. He eventually entered pleas of guilty on the first six of the 10 counts. The trial court accepted the plea and nolled the remaining counts. Appellant was ultimately sentenced pursuant to the felony-sentencing scheme in effect at the time the crimes were committed. Appellant received indefinite terms of four to 10 years on counts one and two, to run concurrently to each other; four to 10 years on counts three and four, to run concurrently with each other, but consecutively to counts one and two; and four to 10 years on counts five and six, to run concurrently with each other, but consecutively to counts three and four. In total, appellant received an aggregate prison term of 12-30 years. He was also classified as a sexual predator. Appellant did not appeal his conviction.

{¶3} In February 2010, appellant filed a "motion to vacate a void sentence." The trial court denied the motion and appellant appealed the judgment to this court. The appeal, however, was dismissed for failure to file a timely notice of appeal. *See State v. Gibbs*, 11th Dist. Geauga No. 2010-G-2967, 2010-Ohio-2675, ¶10.

{¶4} Appellant then filed a "motion to dismiss the indictment" in September, 2012. The court denied the motion and appellant did not appeal that judgment.

{¶5} In October 2012, appellant filed a "motion to withdraw his guilty plea." The court denied the motion and appellant filed the instant appeal. Appellant moved this court for appointment of counsel, which was granted on February 1, 2013. Notwithstanding the appointment of counsel, appellant filed a merit brief, pro se, on January 31, 2013. This court struck this brief on February 4, 2013. On April 12, 2013,

2

appointed counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1]

{¶6} In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the case, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional items. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*; *see also Penson v. Ohio*, 488 U.S. 75, 83 (1988).

{¶7} Pursuant to *Anders*, counsel's brief was properly served on appellant. And, on October 4, 2013, this court reinstated appellant's brief, essentially ruling the pleading was prematurely filed. We shall therefore begin our analysis by considering the merits of the assigned errors in appellant's pro se brief. They provide, respectively:

{¶8} "[1.] The trial court erred as a matter of law in holding that Pennsylvania Code Section 3126, indecent assault[,] constitutes an 'offense of violence[,]' in violation of appellant[']s right to due process of law."

---

1. Counsel's brief does not specifically reference *Anders*; after discussing what occurred in the lower court, including an outline of appellant's argument, however, counsel concludes there are no meritorious issues for appeal and moves this court for withdrawal as appellant's counsel. This court therefore construed the filing as an *Anders* brief.

3

{¶9} "[2.] The trial court erred as a matter of law in failing to grant relief to appellant, in violation of appellant's right to equal protection and due process of law as guaranteed by the Fifth and Fourteenth Amendments."

{¶10} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit a defendant to withdraw his plea." A defendant who seeks to withdraw a guilty plea after sentence must establish a manifest injustice. *See e.g. State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. "Manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. Paramount in this determination is the trial court's compliance with Crim.R. 11(C), evidence of which must show in the record that the accused understood his rights accordingly." *State v. Padgett*, 8th Dist. Cuyahoga No. 64846, 1993 Ohio App. LEXIS 3374, *2 (Jul. 1, 1993). A trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea unless the facts as alleged by the defendant suggest a manifest injustice would result if the plea was allowed to stand. *State v. Britford*, 10th Dist. Franklin No. 11AP-646, 2012-Ohio-1966, ¶12.

{¶11} The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *State v. Borecky*, 11th Dist. Lake No. 2007-L-197, 2008-Ohio-3890, ¶14. The good faith, credibility, and weight of the movant's assertions in support of the motion are to be resolved by the trial court. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. Accordingly, appellate review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a consideration of whether the lower court abused its discretion. *State*

4

*v. Pearson*, 11th Dist. Portage Nos. 2002-P-2413 and 2002-P-2414, 2003-Ohio-6962, ¶7. The term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). Where the record neither shows a "clear or openly unjust action" nor "an extraordinary and fundamental flaw in the plea proceeding," the denial of a post-sentence motion to withdraw a guilty plea will typically be affirmed. *State v. Corradetti*, 11th Dist. Lake No. 2012-L-006, 2012-Ohio-5225, ¶9.

{¶12} Under his assignments of error, appellant contends a manifest injustice occurred because he was misled, at the time of entering his plea, regarding the potential penalties of the crimes to which he was pleading. In particular, he asserts neither his attorney nor the court explained the maximum sentence he would be facing. Thus, he concludes, to correct this manifest injustice, this court must reverse the trial court's denial of his post-sentence motion to withdraw his guilty plea.

{¶13} Appellant's claim is premised upon his belief that the trial court misapplied the applicable version of R.C. 2929.11 in effect at the time he committed his crimes. Specifically, appellant argues the trial court committed an error of law when it found he had previously been convicted of an offense of violence at the time of his sentencing which justified imposing indefinite sentences between two and 10 years. Appellant asserts that, even though he had previously committed the crime of "indecent assault" in Pennsylvania, that crime was neither a crime of violence, nor substantially equivalent to such a crime. He therefore argues he was entitled, under the applicable statute, to a stated term of one, one and one-half or two years. Because the court sentenced him to

5

the indefinite term, appellant contends he was "actively mislead [sic] as to the potential sentence" when he entered his plea. We do not agree.

{¶14} Regardless of the possible merits of appellant's argument that his previous conviction for "indecent assault" was neither a crime of violence, nor substantially equivalent to a crime of violence in Ohio, the record discloses appellant was aware of the possible, indefinite terms of imprisonment he was facing when he entered his plea. The record discloses appellant was aware of and understood the potential penalties he was facing. At the plea hearing, the foregoing exchange took place:

{¶15} THE COURT: The potential penalties for a third degree felony range from two to two and a half to three or four years to a maximum of ten years on each count. * * * I know in this plea agreement, there is a recommendation for concurrent periods of incarceration. You understand that's a recommendation and that the Court does not have to accept that?

{¶16} [Appellant]: Yes, I understand.

{¶17} THE COURT: And you understand those potential prison terms?

{¶18} [Appellant]: Yes, I do.

{¶19} * * *

{¶20} THE COURT: * * * All these penalties are with respect to each individual count and are potential for each count. Do you understand that?

{¶21} [Appellant]: I do now.

{¶22} The foregoing colloquy, in which the court engaged appellant regarding the potential penalties he would face if it accepted his plea of guilty, illustrates appellant was not misled about the nature of the punishment to which he was subject. Appellant was told he could receive a term of imprisonment between two and 10 years on each crime. Appellant stated he understood and did not inquire further about the nuances of the sentencing process relating to the crimes to which he pleaded guilty. Given these points, we conclude appellant was not misled as to his potential sentence. In this respect, we discern no manifest injustice justifying a post-sentence withdrawal of appellant's guilty plea.

{¶23} As a postscript, appellant's argument that the court improperly imposed an indefinite sentence goes to the validity of the underlying sentence. If the court was not, as a matter of law, authorized to impose an indefinite sentence, the sentence could be void; and, if so, appellant would be entitled to resentencing for the court to impose the proper, authorized statutory term. The legal propriety of the court's sentence, however, does not have an impact upon the knowing and voluntary character of appellant's entry of his plea of guilty.

{¶24} Appellant's two assignments of error lack merit.

{¶25} Appellate counsel, in his *Anders* brief, proposes the following potential assignment of error:

{¶26} "The trial court created a reversible error and as against the manifest injustice in not granting the defendant's motion to withdraw his guilty plea as against his request by the ineffective assistance of counsel to fully advise him of his rights." [Sic.]

{¶27} The foregoing alleged error appears to be premised upon the same argument as the assigned errors set forth in appellant's pro se brief. Counsel's

7

proposed error, however, asserts trial counsel was ineffective for allegedly failing to advise appellant of the potential punishment he would face by entering the plea. For the same reasons discussed above, this argument lacks merit. Even assuming trial counsel was deficient in failing to advise appellant of the potential penalties, any deficiency was rendered harmless by the trial court's ultimate advisement during the plea hearing.

{¶28} This potential error is without merit.

{¶29} We shall now proceed to conduct a full examination of the record to determine whether the appeal is wholly frivolous pursuant to *Anders*, *supra*.

{¶30} The record of the plea hearing demonstrates that appellant was fully advised of all constitutional and non-constitutional rights he was waiving. The trial court engaged appellant in a complete Crim.R. 11 colloquy. In particular, the court advised appellant that, by pleading guilty, he was waiving: (1) his right to a jury trial; (2) his right to confront his accusers; (3) his right to compulsory process to obtain witnesses; (4) his right to require the state to prove his guilt beyond a reasonable doubt; and (5) his privilege against compulsory self-incrimination. The court further explained the nature of the charges and their practical and legal significance as well as the maximum penalty appellant could face if the court accepted his plea of guilty. Appellant stated he understood the rights he was waiving and specifically stated he desired to plead guilty to all six counts. The record demonstrates appellant understood the rights he was waiving and knowingly, intelligently, and voluntarily entered the plea.

{¶31} After a thorough and independent review of the record, we hold the trial court did not err in denying appellant's post-sentence motion to withdraw his guilty plea.

Thus, there are no arguable legal points on the merits of this matter. Appellant's appeal is without merit and is wholly frivolous.

{¶32} The purpose of the *Anders* procedure is to "vindicate the constitutional right to appellate counsel." *Smith v. Robbins*, 528 U.S. 259, 273 (2000). The process ensures an indigent criminal defendant, in his or her direct appeal of right, will receive conscientious scrutiny of the record and, *if necessary*, have new counsel appointed to actively assert any issues which may, in the attorney's professional judgment, result in reversal of a judgment or a reduction in sentence. The procedure consequently sets forth a "prophylactic framework" to preserve an appellant's right to due process of law in his or her direct appeal of right. *See e.g. Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Anders*, at 743.

{¶33} *Anders* ensures that a criminal defendant's direct appeal of right will be handled in a manner consistent with his or her right to due process. This does not imply, and it is completely unclear how one could infer, that all direct appeals must be non-frivolous requiring appointment of new counsel. *Anders* preserves a defendant's right to a full and meaningful review of the record via appointed counsel and an appellate court. If, in the course of a court's independent review, an arguable issue fails to manifest itself, the direct appeal of right, which the criminal defendant was afforded through the preventative and salutary *Anders* procedure, is frivolous as a matter of law. This procedure has been deemed both necessary and sufficient to meet standards of due process under the Constitution by the United States Supreme Court in *Anders.*

{¶34} The dissent asserts, in its opinion, at least one issue of arguable merit exists; namely, whether appellant was properly sentenced pursuant to R.C. 2941.25 and 2929.11. This is not an issue of arguable merit.

9

{¶35} Appellant's appeal is from the judgment denying his post-sentence motion to withdraw his guilty plea. Potential errors relating to merger under R.C. 2941.25 and any other issues relating to the court's imposition of sentence under R.C. 2929.11 are voidable and barred if not raised in a direct appeal. *See e.g. State v. Stalnaker*, 11th Dist. Lake No. 2013-L-006, 2013-Ohio-3479, ¶13. Appellant did not file a direct appeal. As a result, the issue raised by the dissent is res judicata and patently lacks merit.

{¶36} Because there are no arguable issues in this appeal, the request to withdraw filed by appellate counsel is well-taken and is hereby granted. The judgment of the Geauga County Court of Common Pleas is hereby affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶37} I respectfully dissent.

{¶38} The majority holds that appellant's appeal is without merit and wholly frivolous. For the following reasons, I disagree.

{¶39} Under the United States Constitution, there is no right to appeal, "as a matter of right." *See Abney v. United States*, 431 U.S. 651, 656 (1977) (holding that there is no constitutional right to appeal; rather, the right to appeal in a criminal case is a creature of statute). However, an appeal is a matter of right in criminal proceedings under the Ohio Constitution. *See State v. Awkal*, 8th Dist. Cuyahoga Nos. 98532 and

10

98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right").

**{¶40}** An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A). Thus, it logically follows that if an appeal is a matter of right in criminal proceedings in Ohio, how can an appeal be frivolous?

**{¶41}** Under this writer's independent examination of the record, I find at least one issue of arguable merit as to whether appellant was properly sentenced pursuant to R.C. 2941.25 and 2929.11. Therefore, although I agree with granting Attorney Brendon Kohrs' motion to withdraw as he has satisfied his duties under *Anders*, I believe that new appellate counsel must be appointed to pursue this appeal. Thus, I would direct newly appointed counsel to prepare an appellate brief discussing the arguable issue identified herein and any further arguable issues which may be found in the record.

**{¶42}** Accordingly, I respectfully dissent.

11