[Cite as *State v. Gibbs*, 2014-Ohio-5773.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3213** |
| RICHARD W. GIBBS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 06 C 000077.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Richard W. Gibbs,* pro se, PID: A530-087, London Correctional Institution, P.O. Box 69, 1580 State Route 56, SW, London, OH 43140 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} This matter, submitted on the record and briefs of the parties, involves an appeal taken by appellant, Richard W. Gibbs, from a judgment entered by the Geauga County Court of Common Pleas denying appellant's motion for relief from judgment, pursuant to Civ.R. 60(B)(5). We affirm.

{¶2} On July 11, 2006, appellant was indicted on 10 counts of gross sexual imposition ("GSI"), in violation of R.C. 2907.05(A)(3), felonies of the third degree, for

crimes he allegedly committed between January 1, 1987 and December 31, 1989. Appellant pleaded not guilty to the charges. He eventually entered pleas of guilty on the first six of the 10 counts. The trial court accepted the plea and nolled the remaining counts. Appellant was ultimately sentenced pursuant to the felony-sentencing scheme in effect at the time the crimes were committed. Appellant received indefinite terms of four to 10 years on counts one and two, to run concurrently to each other; four to 10 years on counts three and four, to run concurrently with each other, but consecutively to counts one and two; and four to 10 years on counts five and six, to run concurrently with each other, but consecutively to counts three and four. In total, appellant received an aggregate prison term of 12-30 years. He was also classified as a sexual predator. Appellant did not appeal his conviction.

{¶3} In February 2010, appellant filed a "motion to vacate a void sentence." The trial court denied the motion and appellant appealed the judgment to this court. The appeal, however, was dismissed for failure to file a timely notice of appeal. *See State v. Gibbs*, 11th Dist. Geauga No. 2010-G-2967, 2010-Ohio-2675, ¶10.

{¶4} Appellant then filed a "motion to dismiss the indictment" in September, 2012. The court denied the motion and appellant did not appeal that judgment.

{¶5} In October 2012, appellant filed a "motion to withdraw his guilty plea." The court denied the motion. Appellant appealed and, in *State v. Gibbs*, 11th Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341, this court affirmed the judgment.

{¶6} In April 2014, appellant filed a "motion for relief from judgment pursuant to Civ.R. 60(B)." The trial court denied the motion on May 23, 2014. This appeal follows.

2

{¶7} Appellant assigns two errors for this court's review. We shall first address appellant's second assignment of error, which provides:

{¶8} "The trial court erred to the prejudice of the appellant when the court recast appellant's motion and treated it as a post conviction petition were not dehores the record ruled it to be untimely, applied res judicata to the issues presented in his motion and denied it without any finding of facts or conclusions of law in regards to the issues presented." (Sic passim).

{¶9} Under this assigned error, appellant argues the trial court improperly construed his Civ.R. 60(B) motion as a petition for postconviction relief. And, in doing so, the trial court improperly found the motion untimely as well as erred in applying the doctrine of res judicata. We do not agree.

{¶10} When the rules of criminal procedure do not address an issue, an applicable Ohio Civil Rule may apply. *State v. Belknap*, 11th Dist. No. 2002-P-0021, 2004-Ohio-5636, ¶25. In this matter, appellant attempts to have his conviction vacated because it was entered in violation of the ex post facto clause of the United States Constitution. Given the nature of appellant's challenge, Civ.R. 60(B) does not apply.

{¶11} The Supreme Court of Ohio has observed that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Because appellant is seeking to vacate his conviction based upon a violation of his constitutional rights, the

3

trial court properly construed his motion as a petition for postconviction relief pursuant to R.C. 2953.21.

{¶12} Moreover, it is well settled that a final judgment of conviction bars a defendant from raising in any proceeding, except a direct appeal from that conviction, any non-jurisdictional issues that were raised or could have been raised by the defendant at trial or on an appeal from that judgment. *See e.g. State v. Perry*, 10 Ohio St.2d 175 (1967), paragraphs six and nine. The expiration of a statute of limitations is a non-jurisdictional defect. *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, ¶7, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 76 (1998). Accordingly, appellant's failure to raise the issue on a direct appeal operates to bar the argument by operation of res judicata. The trial court did not err in so concluding.

{¶13} Appellant's second assignment of error lacks merit.

{¶14} Appellant's first assignment of error provides:

{¶15} "Appellant's rights were violated when the state violated the statute of limitations and prosecuted appellant beyond the statute of limitations and applying the tolling statute to his case retroactively."

{¶16} Under his first assignment of error, appellant argues, at the time he committed the offenses, between 1987 and 1989, the statute of limitations period for gross sexual imposition was six years. He was not indicted, however, until 2006. He asserts the limitations period expired prior to his indictment, and the trial court consequently violated the constitutional prohibition against ex post facto laws by utilizing the 20-year limitation period that became effective in 1999.

4

{¶17} As discussed under appellant's second assignment of error, his argument under his first assignment of error is barred by res judicata. Even if appellant's argument was not barred by res judicata, however, it lacks merit.

{¶18} The United States Supreme Court has set forth the following list of actions that are constitutionally prohibited under the ex post facto clause:

{¶19} "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender. All these, and similar laws, are manifestly unjust and oppressive." (Emphasis removed.) *Stogner v. California*, 539 U.S. 607, 612 (2003), quoting *Calder v. Bull*, 3 U.S. 386, 390-391 (1798).

{¶20} "[A] statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict." *Stogner*, *supra*, at 615. To pursue or revive a prosecution *after* the expiration of a statute of limitations would eliminate the conclusive presumption forbidding prosecution. *Id.* at 616. Nevertheless, the Court in *Stogner* acknowledged, albeit in dicta, that the extension of existing limitations periods is not ex post facto so long as the prior limitations period has *not* expired. *Id.* at 618.

**{¶21}** In 1995, the time at which the corpus delicti of appellant's crimes was disclosed and the limitations period commenced running, the statute of limitations for GSI was six years. *See* former R.C. 2901.13(A)(1). The Ohio General Assembly amended this statute, effective March 9, 1999, and extended the limitations period for GSI to 20 years. As it now reads, R.C. 2901.13(A)(3)(a) requires that a prosecution for GSI, inter alia, commence within 20 years subsequent to the commission of the offense. The amendment applies retroactively to offenses committed prior to the amendment, provided that the statute of limitations for such offenses had not expired prior to the amendment. *See State v. Bentley*, 11th Dist. Asthabula No. 2005-A-0026, 2006-Ohio-2503, ¶12.

**{¶22}** In *Bentley*, this court concluded the amendment was not an ex post facto law. Following the Tenth Appellate District's decision in *State v. Dycus*, 10th Dist. Franklin No. 04-AP-751, 2005-Ohio-3990, this court held:

> **{¶23}** "[The 1999 amendment] does not punish any action that was formerly not a crime or increase the penalty for a crime already committed. Nor does it alter the legal rules of evidence. Because the pre-existing six-year statute of limitations period applicable to defendant had not expired when the statutory amendment to R.C. 2901.13 was enacted, we find that the retroactive application of amended R.C. 2901.13 does not violate the Ex Post Facto Clause."
>
> *Bentley*, *supra*, at ¶51, quoting *Dycus*, *supra*, at ¶21.

**{¶24}** In this matter, the amendment took effect within the then-existing, six-year limitations period for a GSI prosecution. Accordingly, the 1999 amendment, permitting

a GSI charge to be prosecuted within 20 years, became retroactively applicable to appellant's criminal acts. Because appellant was indicted in 2006, eleven years from the limitation period's commencement, the prosecution was proper. Thus, even if the matter was not res judicata, appellant's prosecution was not premised upon the application of an ex post facto law and, furthermore, was accomplished within the relevant limitations period.

{¶25} Appellant's first assignment of error is without merit.

{¶26} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

————————————————

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶27} I concur with the majority's holding that appellant's failure to raise these issues on a direct appeal prevents him from arguing them now as they are barred by res judicata. I write separately to note that appellant has never had his case reviewed on direct appeal. Appellant has filed multiple appeals and motions with this court over the years all seeking the same thing: appellate review of his conviction.

{¶28} Appellant's judgment of conviction was filed in May 2007. In May 2010, appellant filed a "motion to vacate a void sentence" in the trial court. The trial court denied the motion and appellant appealed the judgment to this court. This appeal was

7

dismissed as untimely. *State v. Gibbs,* 11th Dist. Geauga No. 2010-G-2967, 2010-Ohio-2675. In December 2012, appellant filed an appeal to this court based upon the trial court's denial of his motion to withdraw his guilty plea. This court affirmed the trial court. *State v. Gibbs,* 11th Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341. Currently, Mr. Gibbs has a pro se motion for leave to file a delayed appeal pursuant to App.R. 5(A) pending before this court, Case No. 2014-G-3201.

{¶29} The Staff Note to the 1994 Amendment to App.R. 5(A) warns of the subsequent litigation that can occur when appellants are denied review of their cases. The Staff Note provides in part:

{¶30} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶31} Denied review of the merits of his case, appellant continues to file motions with the trial court and subsequent appeals with this court, all at the taxpayer's expense. It would be more cost effective for this court to consider any such alleged error, bring

8

this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals or further filings by Mr. Gibbs with the trial court.