[Cite as *State v. Gibbs*, 2015-Ohio-3215.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | MEMORANDUM OPINION |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2014-G-3232 |
| RICHARD W. GIBBS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 06 C 000077.

Judgment: Appeal dismissed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Richard W. Gibbs,* pro se, PID: A530-087, London Correctional Institution, P.O. Box 69, 1580 State Route 56, SW, London, OH 43140 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Richard W. Gibbs, appeals from the judgment of the Geauga County Court of Common Pleas, denying his post-sentence motion to vacate void sentence." For the reasons discussed in this opinion, the appeal is dismissed.

{¶2} On July 11, 2005, appellant was indicted on 10 counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3), felonies of the third degree, for crimes he allegedly committed between January 1, 1987 and December 31, 1989. Appellant

pleaded not guilty to the charges.  He eventually entered pleas of guilty on the first six of the 10 counts.  The trial court accepted the plea and nolled the remaining counts.

{¶3}    Appellant was ultimately sentenced pursuant to the felony-sentencing scheme in effect at the time the crimes were committed.  Appellant received indefinite terms of four to 10 years on counts one and two, to run concurrent to each other; four to 10 years on counts three and four, to run concurrent with each other, but consecutive to counts one and two; and four to 10 years on counts five and six, to run concurrent with each other, but consecutive to counts three and four.  In total, appellant received an aggregate prison term of 12-30 years.  He was also classified as a sexual predator.  Appellant did not appeal his conviction.

{¶4}    In February 2010, appellant filed a "motion to vacate a void sentence."  The trial court denied the motion and appellant appealed the judgment to this court.  The appeal, however, was dismissed for failure to file a timely notice of appeal.  *See State v. Gibbs*, 11th Dist. Geauga No. 2010-G-2967, 2010-Ohio-2675, ¶10 ("*Gibbs I*").

{¶5}    Appellant then filed a "motion to dismiss the indictment" in September, 2012.  The court denied the motion and appellant did not appeal that judgment.

{¶6}    In October 2012, appellant filed a "motion to withdraw his guilty plea." The court denied the motion. Appellant appealed and, in *State v. Gibbs*, 11th Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341 ("*Gibbs II*"), this court affirmed the trial court's judgment.

{¶7}    On April 22, 2014, appellant moved this court for leave to file a delayed appeal of his May 18, 2007 judgment of conviction.  This court denied the motion and dismissed the appeal.  *See State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772 ("*Gibbs III*").

2

{¶8} Also in April 2014, appellant filed a "motion for relief from judgment pursuant to Civ.R. 60(B)" in the trial court. The trial court construed the motion as a petition for post-conviction relief and denied the same. Appellant appealed and, in *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3213, 2014-Ohio-5773 ("*Gibbs IV*"), this court affirmed the trial court.

{¶9} During the pendency of *Gibbs IV*, appellant filed the underlying "motion to vacate void sentence," which the trial court denied. Appellant subsequently filed a notice of appeal from the trial court's denial of this motion. On October 17, 2014, appellee, the state of Ohio, moved to dismiss the instant appeal. The state later renewed the motion on December 16, 2014.

{¶10} The state's first motion to dismiss was premised upon its argument that, because the issue being appealed is barred, in its view, by res judicata, the matter should be dismissed. The state's second motion was based upon the state's assertion that the trial court lacked jurisdiction to rule on the subject motion because its action was not prompted by a remand order from this court.

{¶11} Preliminarily, the doctrine of res judicata is not jurisdictional. *See e.g. Gahanna v. Petruziello*, 10th Dist. Franklin No. 03AP-360, 2004-Ohio-2133, ¶14. Accordingly, the operation of the doctrine is not a basis for dismissal of an appeal.

{¶12} That said, however, when an appeal is taken from a trial court's judgment, the trial court is divested of jurisdiction, except to take action in aid of that appeal. *See e.g. State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1979). Moreover, it is well settled that once an appeal is perfected, a trial court retains jurisdiction over issues "not inconsistent with the appellate court's jurisdiction to

3

reverse, modify, or affirm the judgment appealed from." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶9.

{¶13} With these points in mind, contrary to the state's assertion in its second motion, a court does not necessarily lack subject matter jurisdiction to enter judgment on a post-conviction motion simply because it was not ordered to do so by a superior court. Here, however, an appeal was actually pending in this court when the trial court denied appellant's "motion to vacate void sentence." The issue on appeal was whether the trial court erred in overruling appellant's Civ.R. 60(B) motion for relief from judgment. *See Gibbs*, IV. The substantive issue in that case was whether appellant's due process rights were violated when the state purportedly prosecuted him outside the statute of limitations. By ruling on appellant's "motion to vacate void sentence," the trial court acted in a manner inconsistent with this court's ability to affirm, reverse, or modify the underlying judgment of conviction at issue in the pending appeal. We therefore conclude the trial court lacked jurisdiction to rule on the "motion to vacate void sentence," and its September 24, 2014 judgment, from which the instant appeal was taken in Case Number 2014-G-3232, is void.

{¶14} Because the underlying notice of appeal was taken from a void judgment, it is not premised upon a final appealable order. This appeal is accordingly dismissed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

4

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶15} I concur with the majority's holding that this appeal was taken from a void judgment and not premised upon a final appealable order. I write separately to note that appellant has never had his case reviewed on direct appeal. *See State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772 (O'Toole, J., dissenting). The majority has succinctly outlined all the various appeals that appellant has filed with this court. Appellant continues to file multiple motions with the trial court and appeals with this court all essentially seeking the same thing: appellate review of his conviction.

{¶16} The Staff Note to the 1994 Amendment to App.R. 5(A) warns of the subsequent litigation that can occur when appellants are denied review of their cases. The Staff Note provides in part:

{¶17} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶18} Denied review of the merits of his case, appellant continues to file motions with the trial court and subsequent appeals with this court, all at the taxpayer's expense. As I have noted in my prior writings in *"Gibbs III"* and *"Gibbs IV"* it would have been far

5

more cost effective for this court to have granted appellant's motion for leave to file a delayed appeal; consider any such alleged errors he might raise and bring this matter to a quick and *final* close. This would avoid future filings by appellant in the trial court and further subsequent appeals (such as the present case) to this court. There are times when judicial economy dictates appellate review. This would also insure that the lengthy and expensive period of incarceration currently being served by appellant (again, at the taxpayer's expense) is correct, and free of reversible error.