[Cite as *State v. Gibbs*, 2016-Ohio-5004.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **O P I N I O N** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | **CASE NO. 2015-G-0011** |
| RICHARD W. GIBBS, | **:** | |
| Defendant-Appellant. | **:** | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 06 C 000077.

Judgment: Reversed and remanded.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Richard W. Gibbs,* pro se, PID: A530-087, London Correctional Institution, P.O. Box 69, 1580 State Route 56, SW, London, OH 43140 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Richard W. Gibbs, appeals from the judgment of the Geauga County Court of Common Pleas denying his "motion to proceed to judgment on the pleadings," which related to, inter alia, a "motion to vacate void sentence and judgment" filed previously. For the reasons discussed in this opinion, we reverse the trial court's judgment, ruling appellant's motion was untimely. The matter is consequently remanded to the trial court to specifically address the arguments advanced in his

"motion[s] to vacate void sentence and judgment," filed in September and October 2014, respectively.

{¶2} On July 11, 2005, appellant was indicted on 10 counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3), felonies of the third degree, for crimes he allegedly committed between January 1, 1987 and December 31, 1989. Appellant pleaded not guilty to the charges. He eventually entered pleas of guilty on the first six of the 10 counts. The trial court accepted the plea and nolled the remaining counts.

{¶3} Appellant was ultimately sentenced pursuant to the felony-sentencing scheme in effect at the time the crimes were committed. Appellant received indefinite terms of four to 10 years on counts one and two, to run concurrently to each other; four to 10 years on counts three and four, to run concurrently with each other, but consecutively to counts one and two; and four to 10 years on counts five and six, to run concurrently with each other, but consecutively to counts three and four. In total, appellant received an aggregate prison term of 12-30 years. He was also classified as a sexual predator. Appellant did not appeal his conviction.

{¶4} In February 2010, appellant filed a "motion to vacate a void sentence." The trial court denied the motion and appellant appealed the judgment to this court. The appeal, however, was dismissed for failure to file a timely notice of appeal. *See State v. Gibbs*, 11th Dist. Geauga No. 2010-G-2967, 2010-Ohio-2675, ¶10 ("*Gibbs I*").

{¶5} Appellant then filed a "motion to dismiss the indictment" in September 2012. The court denied the motion and appellant did not appeal that judgment.

{¶6} In October 2012, appellant filed a "motion to withdraw his guilty plea." The court denied the motion. Appellant appealed, arguing a manifest injustice occurred because he was misled, at the time of entering his plea, regarding the potential

penalties of the crimes to which he was pleading.  In *State v. Gibbs*, 11th Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341 ("*Gibbs II*"), this court affirmed the trial court's judgment, ruling:

> **{¶7}** appellant's argument that the court improperly imposed an indefinite sentence goes to the validity of the underlying sentence. If the court was not, as a matter of law, authorized to impose an indefinite sentence, the sentence could be void; and, if so, appellant would be entitled to resentencing for the court to impose the proper, authorized statutory term.  The legal propriety of the court's sentence, however, does not have an impact upon the knowing and voluntary character of appellant's entry of his plea of guilty.  *Id.* at ¶23.

**{¶8}** Next, on April 22, 2014, appellant moved this court for leave to file a delayed appeal of his May 18, 2007 judgment of conviction. This court denied the motion, concluding appellant failed to adequately justify the seven-year delay. *See State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772 ("*Gibbs III*").

**{¶9}**  Also in April 2014, appellant filed a "motion for relief from judgment pursuant to Civ.R. 60(B)" in the trial court. The trial court construed the motion as a petition for post-conviction relief and denied the same. Appellant appealed and, in *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3213, 2014-Ohio-5773 ("*Gibbs IV*"), this court affirmed the trial court.

**{¶10}** During the pendency of *Gibbs IV*, on September 10, 2014, appellant filed a "motion to vacate void sentence."  In that motion, appellant asserted his indefinite sentence was void because the original indictment failed to contain a specification, under former R.C. 2941.143, which was a necessary precondition for imposing an indefinite sentence for the felony-three offenses to which he pleaded guilty.  The trial court denied the motion on September 24, 2014.  Appellant subsequently filed a notice of appeal and, in *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3232, 2015-Ohio-3215

3

("*Gibbs V*"), this court determined the trial court, by ruling on appellant's "motion to vacate void sentence and judgment" while *Gibbs IV* was pending, acted in a manner inconsistent with this court's ability to affirm, reverse, or modify the judgment at issue in *Gibbs IV*. Accordingly, that judgment was void and, as a result, the appeal was dismissed for lack of a final, appealable order.

{¶11} On October 10, 2014, appellant filed a duplicate "motion to vacate void sentence and judgment," repeating the same arguments asserted in the previously-filed September 2014 motion (which, as a result of this court's disposition of *Gibbs V*, was still pending). And, on December 15, 2014, appellant filed a "motion to proceed to judgment on the pleadings." In the "motion to proceed," appellant asked the court to enter judgment on the outstanding motion(s), which he characterized as petitions for post conviction relief. According to appellant, Ohio's post-conviction relief statute required the prosecuting attorney to respond to such a petition and, even though the state had opposed appellant's September filing, it failed to reply to his October filing. Finally, on January 5, 2014, appellant filed a pleading supplementing his "motion to proceed to judgment on the pleadings."

{¶12} On January 28, 2015, the trial court entered judgment, ruling it lacked jurisdiction to rule on appellant's filings because they were filed untimely in violation of Ohio's post-conviction relief statute.

{¶13} Appellant filed his notice of appeal and, later, his appellate brief. Appellee filed its brief, summarily asserting appellant's arguments were not properly before this court. On March 25, 2016, this court ordered appellee to file a supplemental submission addressing appellant's substantive arguments. On March 30, 2016, appellee filed its supplemental argumentation.

4

**{¶14}** Appellant assigns the following error for our consideration:

**{¶15}** "The trial court erred and abused its discretion to the prejudice of appellant when it imposed an indefinite sentence contrary to ORC [Sec] 2929[.]11(D)(1) & (G) when indictment was required but did not include the necessary specification required under ORC [Sec] 2941.143 to enhance the penalty from definite to indefinite sentence."

**{¶16}** A postconviction proceeding is a collateral civil attack on a criminal judgment. *State v. Dudley,* 2d Dist. Montgomery No. 23613, 2010-Ohio-4152, ¶30, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 365 days of the date the trial transcript is filed with the court of appeals in the direct appeal. An exception to the 365-day rule is set forth in R.C. 2953.23, which requires a party to establish he or she was unavoidably prevented from discovering the facts upon which the petition is premised *and* show, by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense(s). R.C. 2953.23(A)(1)(a) and (b).

**{¶17}** In this case, appellant characterized his 2014 "motions to vacate void sentence and judgment," which were the substantive subject of his "motion to proceed," as petitions for post-conviction relief. These filings were well outside the 365-day window set forth under R.C. 2953.21(A)(2), and, appellant did not attempt to justify the untimeliness by recourse to R.C. 2953.23(A)(1)(a) and (b). If governed by Ohio's post-conviction relief statute, they would be untimely. Because the error in this case is premised upon the court's failure to impose the proper statutory sentence, however, appellant's argument is jurisdictional in nature. And, it is well settled that a "jurisdictional defect cannot be waived and can be raised at any time." *See, e.g.,*

5

*Painesville v. Lake Cty. Budget Comm.*, 56 Ohio St.2d 282, 284 (1978).  In this respect, the trial court erred in applying R.C. 2953.21 as a basis for denying appellant's motions.

{¶18}  The trial court did not evaluate the substance of appellant's arguments set forth in his "motion to vacate void sentence and judgment."  As a court of error, it would be premature for us to conclude the trial court specifically committed an error that would trigger resentencing.  Put differently, it would be inappropriate to order the trial court to resentence appellant based upon an error it has yet to commit.  We therefore decline to address the merits of appellant's arguments until the trial court has given them due attention.

{¶19} Because the trial court erred in concluding appellant's motion was untimely, we reverse its judgment and remand the matter for the trial court to specifically consider and rule upon the arguments advanced in appellant's "motion[s] to vacate void sentence and judgment", filed on September 10, 2014 and October 10, 2014.  To this limited extent, appellant's assignment of error has merit.

{¶20}  For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is reversed and the matter is remanded for the trial court to specifically address the arguments advanced in his "motion[s] to vacate void sentence and judgment," filed in September and October 2014, respectively.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

6

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶21} I concur with the majority's well reasoned opinion. I write separately to note that it should not have taken appellant years and numerous filings with this court and the trial court for him to be granted the relief he has been seeking: appellate review of his sentencing.

{¶22} For those keeping track, this case is *Gibbs VI*. *Gibbs I* through *Gibbs V* all involved filings by appellant with this court seeking appellate review of his sentencing. This writer dissented in *Gibbs II* stating that appellant should have been given new appellate counsel to address the issues related to his sentencing. Now, two years and four *Gibbs*' decisions later, this court has granted appellant the relief he seeks.

{¶23} Simply put: it should not have taken years and six appellate cases for this court to determine that appellant was entitled to the relief he sought. I am well-aware that appellant is a pro se plaintiff, that he never timely appealed his conviction, and that several of his filings with this court were procedurally defective. But as this writer noted in the dissent in *Gibbs III*, "Surely it would be more cost effective for this court to consider any such alleged error, bring this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals or further filings by Mr. Gibbs with the trial court ... the effect of this court's refusal to review these issues on the merits is the promulgation of numerous civil appeals at the taxpayer's expense." (emphasis sic).

{¶24} The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002-Ohio- 3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules

7

can justify a dismissal on procedural grounds.'" *Id.* at ¶28, quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. *See, e.g., State ex rel. Lapp Roofing & Sheet Metal Co. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. *See, e.g., Beck* at ¶29.

{¶25} The intent of the General Assembly is that courts deal with criminal cases in the most cost effective manner complying with justice. Additionally, this court has an affirmative, constitutional and statutory duty to review the trial court for error. We are the constitutional quality control for the citizens of the state of Ohio. By denying repeated delayed appeals on technicalities, I submit we are not performing our duties to the best of our constitutional and statutory obligation.

{¶26} In the present case, appellant filed numerous motions with the trial court and six separate appeals with this court since 2010. Until now he was denied relief. That he has only now been given relief shows that appellate courts are too often focused on the mechanical enforcement and strict reading of the appellate rules, resulting in a denial of access to justice, appellants serving time beyond their legal sentence and an unnecessary expenditure of taxpayer's funds and court resources— rather than a decision on the merits. I applaud my colleagues' recognition of this issue.