[Cite as *State v. Shoff*, 2024-Ohio-2406.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-A-0072** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| JOSEPH P. SHOFF, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00071 |

**O P I N I O N**

Decided: June 24, 2024
Judgment:  Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Malcolm Stewart Douglas*, 113 North Chestnut Street, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1}     Appellant, Joseph P. Shoff, appeals the judgment of the Ashtabula County Court of Common Pleas, convicting him on one count of Aggravated Assault, a felony of the fourth degree, after entering a plea of guilty.  Shoff was sentenced to 12 months in prison.  Appellate counsel filed a brief and a request for leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For the reasons discussed in this opinion, we find no arguable issues on appeal and therefore grant the motion for leave and affirm the trial court.

{¶2} Shoff was indicted by the Ashtabula County Grand Jury on one count of Felonious Assault, a second-degree felony, in violation of R.C. 2903.11(A) and (D)(1)(a). Shoff entered a plea to one amended count of Aggravated Assault, a fourth-degree felony, in violation of R.C. 2903.12(A). After a thorough plea colloquy, the trial court accepted the guilty plea. Both the state and Shoff jointly recommended a sentence of community control. The trial court, however, rejected the recommendation and sentenced Shoff to a term of 12 months in prison. This appeal follows.

{¶3} In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶4} Counsel's appellate brief comports with the requirements of *Anders*. In doing so, counsel assigns the following potential error:

{¶5} "Did the trial court violate the purposes of felony sentencing as laid out in R.C. 2929.11 when it sentenced the appellant to a term of prison instead of a term of community control."

2

{¶6} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2).

{¶7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b).

{¶8} "A sentence is contrary to law when it is 'in violation of statute or legal regulations,'" such as where it falls outside of the statutory range for the offense or where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11 and the factors in R.C. 2929.12. *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34. "Nothing[, however,] in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12[,]" and an appellate court cannot vacate a sentence "based on its view that the sentence is not supported by the record[.]" *Jones* at ¶ 39 and 42; *State v. Reed*, 2023-Ohio-1324, ¶ 13 (11th Dist.) (we "cannot review alleged error under R.C. 2929.11 and R.C. 2929.12 to evaluate whether the sentencing court's findings for those sentences are unsupported by the record").

{¶9} In this matter, the trial court expressly considered the relevant R.C. 2929.11 and R.C. 2929.12 factors. In doing so, the court stated it considered the purposes and principles of felony sentencing, as well as the overriding purposes which are punishing the offender and protecting the public from future crime. The court noted that Shoff had

3

a prior criminal record, including a felony conviction. The court pointed out Shoff did not appear for his pretrial, and a warrant was subsequently issued for his arrest. The court emphasized that Shoff "had some trouble here following the rules of probation previously, there were two probation violations that were filed in Lake County against [him] and [he was not] successful on community control in that case." The court additionally pointed out that Shoff refused to be interviewed by the NEOCAP facility because he had previously completed the program and he did not believe it would be helpful. Considering these points, the trial court declined to accept the joint recommendation for community control and sentenced Shoff to 12 months in prison.

{¶10} Shoff's sentence is within the statutory range and, as emphasized above, we cannot evaluate whether the trial court's considerations or the weight it afforded the factors leading to its imposition of sentence were unsupported by the record. Accordingly, there is no colorable issue on appeal relating to the trial court's imposition of sentence.

{¶11} Next, we shall analyze whether the trial court properly addressed the necessary Crim.R. 11 factors in concluding Shoff's plea was knowingly, intelligently, and voluntarily entered.

{¶12} Pursuant to Crim.R. 11(C)(2), when a defendant is pleading guilty to felony offenses, the trial court must address the defendant personally and inform the defendant of various constitutional and non-constitutional rights prior to accepting his plea. The constitutional rights are set forth under Crim.R. 11(C)(2)(c): the trial court is to inform the defendant that by pleading guilty or no contest, he or she "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt

4

beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶13} Compliance with Crim.R. 11 "ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 2004-Ohio-4415, ¶ 11, citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *State v. Clark*, 2008-Ohio-3748, ¶ 31, quoting *Griggs*, at ¶ 12.

{¶14} The record of the plea hearing demonstrates that Shoff was fully advised of all constitutional and non-constitutional rights he was waiving.

{¶15} The trial court engaged Shoff in a complete Crim.R. 11 colloquy. In particular, the court advised Shoff that, by pleading guilty, he was waiving: (1) his right to a jury trial; (2) his right to confront his accusers; (3) his right to compulsory process to obtain witnesses; (4) his right to require the state to prove his guilt beyond a reasonable doubt; and (5) his privilege against compulsory self-incrimination. The court accordingly apprised Shoff of the constitutional rights he would waive by entering the guilty plea.

{¶16} The court further explained the nature of the charges and their practical and legal effects as well as the maximum penalty Shoff could face if the court accepted his plea of guilty (i.e., Shoff's non-constitutional rights). *See* Crim.R. 11(C)(2)(a) and (b). The trial court also explained that it was not bound by the jointly-agreed-upon sentencing recommendation proposed by the parties. It further specified that, by pleading guilty to

5

the offense of Aggravated Assault, the conviction will have implications on his ability to own and use a firearm.

{¶17} Shoff stated he understood the rights he was waiving as well as the non-constitutional implications of pleading guilty. Shoff specifically stated he desired to plead guilty to the underlying amended charge of Aggravated Assault. The record demonstrates Shoff understood the rights he was waiving and knowingly, intelligently, and voluntarily entered the plea. We discern no error in the plea-colloquy/acceptance process.

{¶18} The purpose of the *Anders* procedure is to "vindicate the constitutional right to appellate counsel . . . " *Smith v. Robbins,* 528 U.S. 259, 273 (2000). The process, while unusual, "ensures an indigent criminal defendant, in his or her direct appeal of right, will receive conscientious scrutiny of the record and, *if necessary,* have new counsel appointed to actively assert any issues which may, in the attorney's professional judgment, result in reversal of a judgment or a reduction in sentence." (Emphasis in original.) *State v. Gibbs*, 2014-Ohio-1341, ¶ 32 (11th Dist.) The *Anders* process consequently sets forth a "prophylactic framework" to preserve an appellant's right to due process of law in his or her direct appeal of right. *See, e.g., Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *see also Anders,* 386 U.S. at 743.

6

Case No. 2023-A-0072

{¶19} Because there are no arguable issues in this appeal, we conclude the appeal is wholly frivolous. The request to withdraw filed by appellate counsel is well-taken and is hereby granted. Therefore, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-A-0072